IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUNEE LARKIN,                    )
                                 )
        Plaintiff,               )
                                 )        Case No.   23-cv-589-RJD
        v.                       )
                                 )
WAL-MART, INC.,                  )
                                 )
        Defendant.               )

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Amend her Complaint and her Motion to Remand to State Court (Doc. 19 and 21).   Defendant filed a Response (Doc. 22) to both Motions.   Plaintiff filed a Reply (Doc. 24).   As explained further, Plaintiff's Motions are DENIED.

Plaintiff originally filed this case in the Circuit Court of St. Clair County, Illinois.   She alleged that because of Wal-Mart, Inc.'s negligence, she slipped on a foreign substance on the floor in Defendant's store, sustaining injuries.   Wal-Mart, Inc. ("Wal-Mart")[1] removed the case, invoking this Court's diversity jurisdiction under 28 U.S.C. §1332.   Defendant is a citizen of Delaware and Arkansas, while Plaintiff is a citizen of Illinois.    Plaintiff now requests to file an Amended Complaint that adds the manager of Defendant's store as a defendant.   The manager is an Illinois citizen, and his addition to the case would spoil diversity and require this case be

---

[1]   When Defendant initially removed this case and opened it in this Court, it identified itself as "Wal-Mart, d/b/a Sam's Club." However, it appears that Defendant has referred to itself as Wal-Mart in all of its pleadings and that Plaintiff sued Defendant regarding an incident that occurred in a Wal-Mart store in St. Clair County, Illinois. The Clerk of Court is directed to update the docket to reflect that Defendant is not doing business as Sam's Club.

remanded to St. Clair County.

Leave to amend the complaint "should be freely given…when justice so requires."  Fed. R. Civ. P. 15(a)(2).   Defendant argues that Plaintiff's Motion for Leave to Amend her Complaint should be denied because there is no possibility that Plaintiff could recover against Defendant's store manager, David Heaton.   Defendant explains that Mr. Heaton cannot be vicariously liable for the negligence of Defendant's employees, nor is he subject to premises liability simply because he managed Defendant's store.   Defendant's arguments are supported by case law.   *O'Connell v. Turner Construction Co.,* 409 Ill. App. 3d 819, 823-24 (Ill. App. Ct. 2011);   *Northrup v. Lopatka*, 242 Ill. App. 3d 1, 5 (Ill. App. Ct. 1993).

In her Reply to Defendant's arguments, Plaintiff claims that she is alleging Mr. Heaton was negligent, not that he is vicariously liable for negligent store employees.[2]   However, this argument is clearly contradicted by the allegations in her proposed amended complaint, which state that "Defendant [Heaton], ***by and through his agents and/or employees***, committed one or more of the following careless and negligent acts and/or omissions…".   Plaintiff's proposed amended complaint does not contain any allegation that Mr. Heaton was negligent.

Leave to amend may be denied for futility.   *Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).   As Defendant correctly notes (and Plaintiff does not argue otherwise), Mr. Heaton cannot be vicariously liable for the negligence of employees he supervised at Defendant's store.   Plaintiff's Motion for Leave is therefore DENIED.   Because Plaintiff's Motion to Remand was based solely on the addition of Mr. Heaton as a defendant, the Motion to Remand is also DENIED.

---

[2] In her Motion to Remand (Doc. 21), Plaintiff claims that her proposed amended complaint contains a "medical negligence" claim against Mr. Heaton.   The Court presumes this statement was made in error.

**IT IS SO ORDERED.**

**DATED: May 9, 2023**

_s/_ _Reona J. Daly_

**Hon. Reona J. Daly**
**United States Magistrate Judge**